1  JaVonne M. Phillips, Esq. SBN 187474
   Mishaela J. Graves, Esq. SBN 259765
2  **McCarthy & Holthus, LLP**
   1770 Fourth Avenue
3  San Diego, CA 92101
   Phone (619) 685-4800
4  Fax (619) 685-4810

5  Attorney for: Secured Creditor,
   Deutsche Bank National Trust Company, as Trustee of the IndyMac INDA Mortgage Loan Trust
6  2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1 under the Pooling and
   Servicing Agreement dated September 1, 2005, it assignees and/or successors, and the servicing
7  agent OneWest Bank FSB

FILED
May 27, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002664383

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | ) Case No. 10-30108 |
| | ) |
| | ) DC No. MIG-1 |
| Justin C. Bowman, | ) |
| Sage E. Bowman, | ) Chapter 13 |
| | ) |
| Debtors. | ) **OBJECTION TO CONFIRMATION** |
| | ) **OF CHAPTER 13 PLAN** |
| | ) |
| | ) **341(a) Meeting of Creditors:** |
| | ) Date: 6/10/2010 |
| | ) Time: 1:30 PM |
| | ) Place: 2986 Bechelli Lane, Room 200 |
| | )         Redding CA |
| | ) |
| | ) **Confirmation Hearing:** |
| | ) Date: 7/6/2010 |
| | ) Time: 9:32 AM |
| | ) Ctrm: Courtroom 32, 6th Floor |
| | ) Place: 501 I Street |
| | )         Sacramento CA |
| | ) |
| | ) Judge: Thomas Holman |
| | ) |

Deutsche Bank National Trust Company, as Trustee of the IndyMac INDA Mortgage Loan Trust 2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1 under the Pooling and Servicing Agreement dated September 1, 2005, its assignees and/or successors, and the servicing agent OneWest Bank FSB ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by Justin C. Bowman and Sage E. Bowman ("Debtors").

1. This objecting Secured Creditor services and is entitled to receive payments pursuant to a Promissory Note which matures on 8/1/2035 and is secured by a Deed of Trust on the subject property commonly known as 133 Copperfield Drive, Chico, CA 95928. As of 4/20/2010, the amount in default was $6,917.56, as described in the Proof of Claim filed by this Secured Creditor on or about 05/25/2010, incurred with respect to the default. **See Exhibit "1".**

2. Secured Creditor objects to the proposed Plan on the basis that it does not provide for pre-petition arrearages owed to Secured Creditor. To cure the pre-petition arrearages of $6,917.56 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $115.29 per month from the Debtors through the Plan.

3. Secured Creditor additionally objects to the proposed Plan on the basis that it does not appear to be feasible. Although Debtors do not provide for payments to Secured Creditor, Debtors' Plan provides payments to the Trustee in the amount of $231.65 per month for 60 months. However, Debtors' Schedules I and J list a monthly net income of $231.20. True and correct copies of Debtors' Schedules I and J are attached hereto as **Exhibit "2"**. Based upon the foregoing, taking into account the necessary increase in the Plan payment to provide for the full amount of arrears owed to Secured Creditor, Debtors do not have sufficient funds available to cure the arrears over the term of the Plan within 60 months and the Plan does not appear to be feasible.

4. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtors shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. As such, the Plan cannot be confirmed.

2

File No. CA-10-28373
Objection to Plan, Case No. 10-30108

CONCLUSION

Any Chapter 13 Plan proposed by the Debtors must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtors be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor within 60 months;

2. For attorneys' fees and costs herein,

3. For such other relief as this Court deems proper.

Respectfully submitted,

McCarthy & Holthus, LLP

By: /s/ Mishaela J. Graves, Esq.
Attorney for Secured Creditor
Deutsche Bank National Trust Company, as Trustee of the IndyMac INDA Mortgage Loan Trust 2005-AR1, Mortgage Pass-Through Certificates, Series 2005-AR1 under the Pooling and Servicing Agreement dated September 1, 2005, and the servicing agent OneWest Bank FSB